In re George S. RUSH, d/b/a Rush Engineers, Debtor.

The ANNISTON NATIONAL BANK, Anniston, Alabama, a National Banking Association, Plaintiff,

v.

George S. RUSH, d/b/a Rush Engineers, Defendant.

Bankruptcy No. 80–04078.
Adv. No. 80–0844.

United States Bankruptcy Court, N. D. Alabama.

Nov. 6, 1980.

Thomas J. Knight, Anniston, Ala., for debtor.

David B. Anderson, Birmingham, Ala., for petitioning creditors.

Robert C. Dillon, Anniston, Ala., for plaintiff.

## PRE–TRIAL ORDER NUMBER ONE

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above–styled case was filed and is pending before the Court under Section 303 and Chapter 7, Title 11, United States Code, and no order for relief has been entered. The above–styled adversary proceeding was commenced by a complaint which seeks leave, pursuant to Section 362(d) of said Title 11, to foreclose a mortgage on real estate of the debtor, which collateral is alleged (in the complaint) to have a value in excess of the debt owed to the plaintiff.

An answer filed by the debtor denies that the plaintiff is entitled to relief from the stay provided for by Section 362(a) of said Title 11 and raises three preliminary issues:

1. The complaint fails to state a claim upon which relief can be granted;

2. There was insufficient service of process upon the defendant; and

3. The Court lacks jurisdiction in this adversary proceeding.

At a pre–trial conference on this proceeding, on November 4, 1980, the parties submitted to the Court for a ruling the three preliminary questions or defenses listed above. While the complaint does not allege any present right of the plaintiff to foreclose the mortgage and does not allege that the mortgage debt is in default, such is a fairly reasonable inference from the complaint and is conceded by counsel for the defendant–debtor. Although it is conceded by the plaintiff that the value of the real estate exceeds the present amount of the mortgage debt, the plaintiff contends that accruing interest and other charges may result in a partially unsecured status for the bank's debt or claim. It is also conceded by the plaintiff's attorney that the summons, notice, and complaint were served by the mailing of a copy of each to the debtor's attorney of record in the bankruptcy proceeding but that none was mailed to the defendant–debtor.

## CONCLUSIONS BY THE COURT

■ Although not to serve as a model for students of pleadings, it appears to the Court that the plaintiff's complaint is sufficient to put the defendant on notice of the plaintiff's claim and that evidence sufficient to justify relief from the stay against the mortgage foreclosure might be introduced under the allegations of the complaint. At most, the defendant's charge that the complaint fails to state a claim against the defendant upon which relief may be granted would require an amendment to the complaint. The Court is of the opinion that this defense is not substantial and is not well taken. See Bankruptcy Rule 708 and Federal Rule of Civil Procedure 8.

■ The defense that there was insufficient service of process upon the defendant appears to be correct but also unsubstantial. Under Bankruptcy Rule 704(c)(9), process in an adversary proceeding may be served by mail upon the debtor *and* (if represented by counsel) upon the debtor's attorney. Here the service was made by mailing copies only to the debtor's attorney; however, the debtor has appeared by his attorney of record and has filed his answer. There has been no material prejudice to the substantial rights of the debtor by the omission of mailing to him a copy of the summons, notice, and complaint. Bankruptcy Rule 704(h) expressly provides that such an error in the "manner" of service does not prevent the service from being "effective". In addition, Federal Rule of Civil Procedure 61 made applicable by Bankruptcy Rule 905, provides that "[t]he Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

■ Lastly, the defendant's contention that the Court lacks jurisdiction of this adversary proceeding is argued as having a basis in the debtor's contention that one of the petitioners, in the involuntary petition,

was not a bona fide creditor. The case before the Court is of considerable magnitude and exhibits many complex and complicated facets and is a classic example of the havoc in the affairs of the debtor and the debtor's creditors which would result if the Bankruptcy Court has no jurisdiction to determine or settle any dispute pending the ultimate decision on the question of whether the Court will order relief against the debtor under Chapter 7 of Title 11, after a lengthy period for discovery and other pre-trial matters, a long trial, and possibly further delays before a final decision. The Court does not find that this is a sound proposition.

### ORDER OF THE COURT

Upon a due consideration of the three defenses stated, and for good cause found, it is ORDERED by the Court that none of said three defenses is sustained, that each is stricken from the defendant's answer, that the stay against the foreclosure of the plaintiff's mortgage is continued in effect pending the further order of this Court, and that this proceeding is set down for trial before this Court at the Bankruptcy Courtroom, 120 United States Courthouse, Anniston, Alabama, on November 13, 1980, at 1:45 o'clock p. m.